### POLICE JURY OF LAFOURCHE *v.* ANTOINE ROSSI et al.

The penalty of a bond given by a purchaser of work to be done on the levee, road, &c., in the parish of Lafourche, cannot be recovered without the production of the *proces verbal* of adjudication, as required by law.

In commutative contracts the party who seeks to put the other in default, must, on his part, perform all that which is incumbent on himself to perform.

Code, 1907.

APPEAL from the District Court, Fifth District, Parish of Lafourche. *Cole, J. Bush,* for plaintiff and appellant. *Belcher,* for defendants.

BUCHANAN, J. This is a suit to enforce the penalty of a bond given by the purchaser of work to be done upon the levee, road, ditches and bridges, on a tract of land belonging to one *Theophile Anfoux,* in the parish of Lafourche Interior, at a sale made by the Inspector of the Second District of the said parish, for roads and levees.

The case comes up, principally, upon a bill of exceptions to the charge of the District Judge who tried the cause. The Judge charged the jury that, previous to recovery on the bond, it is necessary to produce in evidence the *proces verbal* of adjudication required by law, of the work for which the bond was given as a penalty, in the event of the non-completion of the work, or to show the existence and loss of such *proces verbal.*

The Judge did not err. The law under which this bond was taken (Act of

7th February, 1829, sec. 20, B. and C. Dig. 753,) obliges the Inspector of Roads and Levees to make a *proces verbal* of the work to be done on the land of each delinquent proprietor, and to adjudicate, after certain advertisements, to the lowest bidder, the said work. The person to whom the work is adjudged has an action *in rem* for his compensation—which action is brought by petition—to which the *proces verbal* of adjudication must be annexed. See sec. 30th of the same Act, (B. and C. 756.)

*Margin:* LAFOURCHE *v.* ROSSI.

In the present case, it is proved by the testimony of the Inspector himself that he never made a *proces verbal* of the works which were necessary to be made on the land of *Theophile Anfoux.*

It is therefore clear that the purchaser of said works at the Inspector's sale would have had no recourse for his indemnification against the property, in case he had completed the work to the satisfaction of the Inspector. The parish authorities were bound to have afforded the party with whom they contracted all the guarantee for his repayment which a strict compliance with the law, on their own part, would offer. In commutative contracts, the party who seeks to put the other in default, must, on his part, perform all that which it was incumbent on himself to perform. Civil Code, Art. 1907.

There is, in fact, no proof, oral or written, before the court, of what work was included in the defendant *Rossi's* adjudication; and although the Inspector swears, in general terms, that "the works and repairs on the land of *Mr. Theophile Anfoux* were not done and finished according to law," yet it is proved that *Rossi* made a levee on that land, for which he has never been paid; and that the levee, such as it was, has answered the purpose of its construction, by keeping out the water. It may admit of some question whether *Rossi* in fact had not a good claim against the parish, instead of being liable to the parish for damages.

Judgment affirmed, with costs.